**BADGER–POWHATAN, A DIVISION OF FIGGIE INTERNATIONAL, INC., Plaintiff-Appellee,**

v.

**UNITED STATES, Defendant-Appellee,**

and

**Rubinetterie A. Giacomini, S.P.A., Intervenor-Appellant.**

Appeal No. 86–1251.

United States Court of Appeals, Federal Circuit.

Dec. 29, 1986.

John Gurley, Klayman & Gurley, P.C., Washington, D.C., argued for intervenor-appellant. With him on the brief were Larry Klayman and Rachelle Lisa Cherol.

Velta A. Melnbrencis, U.S. Dept. of Justice, Washington, D.C., argued for defendant-appellee, U.S. With her on the brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director. Craig L. Jackson, Office of Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel.

James R. Cannon, Jr., Stewart & Stewart, Washington, D.C., argued for plaintiff-appellee, Badger-Powhatan. With him on the brief were Eugene L. Stewart, Terence P. Stewart and Charles A. St. Charles. Robin R. Starr, Corporate Atty., Richmond, Va., of counsel.

Before SMITH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

## ORDER

COWEN, Senior Circuit Judge.

Intervenor-appellant, Rubinetterie A. Giacomini, S.P.A. (Giacomini), appeals the United States Court of International Trade (trial court) decision that remanded the case back to the United States Department of Commerce International Trade Administration (ITA) for recalculation of the final antidumping determination on Giacomini's products. Giacomini contends that the original determination was correct and also asserts that a recalculation of the "less than fair value" (LTFV) margin is prohibited by statute. We dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Both Badger-Powhatan (Powhatan), plaintiff-appellee, and Giacomini, intervenor-appellant, manufacture certain brass fire protection products such as valves, nozzles, and connectors for use in fire protection systems. In response to the importation of the Giacomini products from Italy into the United States, Powhatan filed an antidumping petition with the ITA and with the United States International Trade Commission (ITC), pursuant to 19 U.S.C. § 1673b. In Powhatan's January 1984 petition, seven products produced by the Italian company were identified as being sold in this country at "less than fair (market) value" (LTFV), and the petitioner alleged that sales of these products at the LTFV prices were damaging or causing material injury to certain United States industries.

In November 1984, the ITA published its final affirmative determination that the seven brass fire protection products were being sold at less than fair market value. The determination carried a weighted-average LTFV margin of 3.47 percent for these products. Following the signing of the final LTFV determination, the confidential versions of computer printouts containing LTFV margin calculations were disclosed to counsel for both Powhatan and Giacomini. After examining the data, counsel for the two companies identified clerical and factual errors in the analysis. In response to these comments, ITA published an amendment to its final affirmative LTFV determination, changing the weighted-average LTFV margin for all seven categories of merchandise to 1.28 percent.

Shortly thereafter, the ITC issued its final determination that only two of the seven categories of products from Italy were causing or threatening to cause material injury to a United States industry. Accordingly, as required by 19 U.S.C. § 1673e, the ITA published an antidumping duty order covering only those two products which both the ITA and the ITC identified with affirmative findings. 50 Fed.Reg. 8354 (1985).

In a separate action, not at issue in this appeal Powhatan sought a writ of mandamus ordering the ITA to include within the antidumping order all seven brass fire protection products covered by ITA's final determination. The Court of International Trade, in a published decision, held that the antidumping duty order was to reflect *both* the underlying ITA determination and the ITC affirmative injury determination. *Badger-Powhatan, A Division of Figgie International v. United States*, 608 F.Supp. 653 (Ct.Int'l Trade 1985) (*Badger-Powhatan* I). Thus, the antidumping duty order would affect only those two products with an affirmative determination from both the ITC and the ITA. *Id.*

In view of the decision in *Badger-Powhatan* I, Powhatan filed this action with the trial court seeking a modification of the ITA's LTFV weighted-average calculation. Powhatan claimed that the duty estimate should be calculated on a weighted-average of only those two products subject to the antidumping tariff order.

The United States, as defendant, agreed and sought a remand of the action to the ITA for recalculation of the LTFV margin and an amendment of the order imposing the antidumping duty. The intervenor,

Giacomini, challenged not only the grounds supporting a change in the order, but also the ITA's authority to implement such a change. The trial court agreed with Powhatan and the United States and remanded the case, with instructions for the ITA to issue an amended final determination. *Badger-Powhatan, A Division of Figgie International v. United States,* 633 F.Supp. 1364, 1373 (Ct.Int'l Trade 1986).

Giacomini seeks reversal of the trial court's remand decision on the ground that a final affirmative LTFV determination from the ITA is subject to modification only during the annual review called for under 19 U.S.C. § 1675(a). Therefore, Giacomini asserts that the remand of the ITA's final determination is barred by the statute.

## DISCUSSION

### I.

The court's authority to hear this case is circumscribed by 28 U.S.C. § 1295(a)(5) which provides that:

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

\* \* \* \* \* \*

(5) of an appeal from a *final* decision of the United States Court of International Trade \* \* \*. (Emphasis supplied)

For our purposes, "final decision" and "final judgment" are used interchangeably.

█ The issue we must first address is whether this appeal is from a *final* decision of the Court of International Trade. In deciding this question, we look to the "final judgment rule" which requires that an appellate court may only hear cases from a decision or order that "ends the litigation on the merits and leaves nothing for the [trial] court to do but execute judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 672, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct.

631, 633, 89 L.Ed. 911 (1945). "A corollary rule is that an order remanding a matter to an administrative agency for further findings and proceedings is not final." *Cabot Corp. v. United States,* 788 F.2d 1539, 1542 (Fed.Cir.1986); *accord Jeannette Sheet Glass Corp. v. United States,* 803 F.2d 1576 (Fed.Cir.1986). In *Cabot,* this court was faced with a strikingly similar situation in reviewing an order of the trial court which had remanded a case to the ITA for a redetermination of a countervailing duty. In keeping with the "corollary rule," we dismissed the appeal for lack of jurisdiction. 788 F.2d at 1544.

Adhering to our decision in *Cabot,* we conclude as a matter of law that the trial court's remand order is not a final, appealable adjudication of this case. The case lacks trial court "finality," because the parties will still need to appear before the Court of International Trade if any of them challenges the amended determination of the ITA. *See* 19 U.S.C. § 1516a(a)(2). Accordingly, under the statutory mandate in 28 U.S.C. § 1295(a)(5), this court does not have jurisdiction to hear this appeal. "This result comports with the policies underlying the finality rule and in particular avoids unnecessary piecemeal appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot,* 788 F.2d at 1543.

### II.

█ In so holding, this court is mindful of both the judicially and statutorily authorized exceptions to the "final judgment rule." The judicial exception to the rule covers cases which "are not of such an interlocutory nature as to affect or to be affected by decision of the merits of this case." *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Consequently, these cases

fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to

require that appellate consideration be deferred until the whole case is adjudicated.

*Id.*

To come within the exception delineated in *Cohen,* the order or decision must at a minimum "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), *citing Abney v. United States,* 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977); *Cabot,* 788 F.2d at 1543.

The trial court's remand of the ITA's antidumping determination does not satisfy any of the requirements of the "collateral order" exception. The scope and breadth of the ITA determination will not be conclusively decided on remand because, as noted above, the parties must appear before the Court of International Trade if any party challenges the amended determination. *See* 19 U.S.C. § 1516a(a)(2). Furthermore the remand "is not a collateral matter, but rather, goes to the heart of the case." *Cabot* 788 F.2d at 1544. It follows then that the parties' rights of appeal on this issue will not be impaired by waiting for a final adjudication.

### III.

A statutory exception to the "final judgment rule" is found at 28 U.S.C. § 1292(d)(1). Under that provision a judge of the trial court may certify that an interlocutory order involves a "controlling question of law * * * to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation * * *." *Id.* It then falls within our discretion whether or not to permit the appeal. *Id.* This form of appeal is not now before the court, but certification is not precluded by the dismissal of this appeal.

### IV.

Although the jurisdiction issue was not raised by any of the parties, we declared in *Dubost v. United States Patent and Trademark Office,* 777 F.2d 1561, 1564, 227 USPQ 977, 979 (Fed.Cir.1985) that "[t]his court must, in every appeal, assure itself that jurisdiction exists."

Accordingly, IT IS ORDERED THAT this appeal is dismissed, without prejudice, for lack of jurisdiction. We express no opinion as to whether section 1292(d)(1) certification should be made as this is a matter within the discretion of the trial judge. Nor do we intimate an opinion as to whether we would hear the appeal if it is certified. The parties are free to await the final adjudication from the trial court before bringing another appeal. In either instance, under a certified interlocutory appeal or an appeal from a final adjudication, the parties may proceed upon the same briefs, record, and arguments presented in this dismissed appeal, and these may be supplemented if necessary by papers describing any further proceedings in the Court of International Trade. *See Aleut Tribe v. United States,* 702 F.2d 1015, 1021 (Fed.Cir.1983).

FOR THE COURT.