ZENITH ELECTRONICS CORPORATION, Independent Radionic Workers, International Brotherhood of Electrical Workers and International Union of Electronic, Electrical, Technical, Salaried and Machine Workers, AFL–CIO–CLC, Plaintiffs–Appellees,

v.

The UNITED STATES, Defendant–Appellant,

Sanyo Electric Co., Ltd., Victor Company of Japan, Ltd., US JVC Corp., Matsushita Electric Industrial Co., Ltd., Panasonic Co. and Quasar Co. a division of Matsushita Electric Corporation of America, Inc., Panasonic Hawaii, Inc., and Panasonic Sales Co. a division of Matsushita Electric Corporation of Puerto Rico, Inc., General Corporation of Japan, Mitsubishi Electric Corp., Mitsubishi Electric Sales America, Inc., NEC Corp. and NEC Home Electronics (U.S.A.) Inc., Defendants.

Nos. 88–1259, 88–1260.

United States Court of Appeals, Federal Circuit.

May 11, 1989.

Frederick L. Ikenson of Frederick L. Ikenson, P.C., Washington, D.C., argued, for plaintiffs-appellees. With him on the brief was J. Eric Nissley, Paul D. Cullen and Patrick B. Fazzone, Collier, Shannon, Rill & Scott, Washington, D.C., were on the brief, for plaintiffs-appellees The Independent Radionic Workers, et al.

John D. McInerney, Department of Commerce, Washington, D.C., argued, for defendant-appellant. With him on the brief were Robert H. Brumley, General Counsel

and M. Jean Anderson, Chief Counsel for International Trade, Washington, D.C. Also on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Velta A. Melnbrences, Dept. of Justice, Washington, D.C.

Sukhan Kim, Thomas B. Wilner and Jeffrey M. Winton, Arnold & Porter, Washington, D.C., were on the brief, for amicus curiae Samsung Electronics Co., Ltd. & Samsung Electronics America, Inc.

Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.

MICHEL, Circuit Judge.

### ORDER

This appeal is from the judgment of the United States Court of International Trade dated January 14, 1988 (*Zenith II*). The United States seeks review of that court's Opinion and Order dated April 24, 1986, *Zenith Electric Corp. v. United States, et al.*, 633 F.Supp. 1382 (Ct. Int'l Trade 1986) (*Zenith I*), which reversed the final determination of the International Trade Administration, Department of Commerce (Department), in an administrative review under 19 U.S.C. § 1675(a) (1982 and Supp. II 1984), 50 Fed.Reg 24,278 (1985), of an antidumping order, T.D. 71–76, *Television Receiving Sets, Monochrome and Color, from Japan*, 36 Fed.Reg 4597 (Dep't Comm.1971), and remanded the case to the Department for redetermination.

### Background

In accordance with the antidumping laws in effect in 1982, after an affirmative determination of antidumping duties, the International Trade Administration (ITA) was required annually to redetermine the amount of the duty, i.e., the margin by which the foreign market value of merchandise subject to the antidumping order exceeds the United States price. 19 U.S.C. § 1675(a) (1982).* Various adjustments are

made to the U.S. price before the adjusted U.S. price is subtracted from foreign market value. One of these adjustments was disputed in this case:

> the amount of any taxes imposed in the country of exportation directly upon the exported merchandise or components thereof, which have been rebated, or which have not been collected, by reason of the exportation of the merchandise to the United States, but *only to the extent* that such taxes are added to or included in the price of such or similar merchandise when sold in the country of exportation; . . . .

19 U.S.C. § 1677a(d)(1)(C) (1982) (emphasis added).

Although the Department had admitted in other, earlier determinations that the "addition to section 772(d)(1)(C) of the 'but only to the extent' language, intended that [the Department] measure absorption and limit the addition to the tax passed through," *Color Television Receivers from Korea*, 49 Fed.Reg 7620, 7624 (Dep't Comm.1984) (final determination of sales at less than fair value), it further stated that because of "informational difficulties," *id.*, "it [was] impossible to do so." *Id.* Under these circumstances, the Department presumed a full pass-through. *Id.* See also *Color Television Receivers from Taiwan*, 49 Fed.Reg 7628, 7632 (Dep't Comm.1984) (final determination of sales at less than fair value).

In this determination, *Television Receiving Sets, Monochrome and Color, from Japan*, 50 Fed.Reg. 24,278, 24,279 (Dep't Comm.1985) (final admin. review), the Department rejected Zenith's and the three domestic unions' proposed method for measurement of the pass-through. The Department stated that "[a]bsent evidence that clearly demonstrates that a manufacturer's commodity tax cost is not reflected in the home market sales prices, the Department may reasonably conclude that cost and price are directly related." *Id.* The Department assumed that 100% of the

---

* 19 U.S.C. § 1675(a)(1) has since been amended so that reviews are done only upon request.

(Supp. V 1987).

rebated Japanese commodity tax had been passed through stating "[t]o date, the Department has not developed a reasonable method for isolating the cost-price relationship for individual adjustments." *Id.* In response, Zenith and the unions filed an action in the Court of International Trade contending that tax incidence must be measured and that a full pass-through may not be assumed. In *Zenith I*, 633 F.Supp. 1382 (1986), the court reversed the Department's determination and remanded the case for a calculation of the actual amount of the pass-through and a redetermination of duties in accordance with the court's decision. While the court said the Department had the discretion to choose the method of measurement, it also stated that "the ITA may not place the burden on a private party to advance a method of measuring tax absorption which the ITA deems acceptable, in failure of which it performs no measurement whatsoever." *Zenith I*, 633 F.Supp. at 1400. The Department, upon using an econometric model for calculation, concluded that, as originally assumed, 100% of the tax was passed through. In *Zenith II*, the Court of International Trade entered judgment, dated January 14, 1988, affirming the Department's dumping determination.

The government now seeks to overturn the April 24, 1986 remand order by the Court of International Trade in *Zenith I*, requiring the Department to measure tax pass-through to consumers in the home market, by appealing from the January 14, 1988 judgment in *Zenith II*, affirming its antidumping duty determination based on the recalculation.

## DISCUSSION

Appellate courts are not in business to issue advisory opinions. Generally, a party has a statutory right to appeal from a judgment only when it has been aggrieved by the judgment, *Deposit Guaranty National Bank of Jackson, Mississippi v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980). But "[i]n an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III," *id.* at 334, 100 S.Ct. at 1171–72. Because its determination was affirmed, the government has not been aggrieved by the judgment of the Court of International Trade on January 14, 1988.

The adverse ruling that the government in actuality protests is the April 24, 1986 order by the Court of International Trade requiring the Department to calculate the amount of the pass-through. The question is whether, though prevailing, the government retains a stake in the question it appeals, satisfying the requirements of Article III. Since the pass-through in this case is the same—100%—whether assumed or calculated, the government has no stake in the legality of the April 24, 1986 order. With or without that order, the government's antidumping duty determination stands. Hence, the case or controversy requirement of Article III is not met.

Accordingly,

IT IS ORDERED THAT:

The government's appeal of the Court of International Trade's January 14, 1988 judgment is dismissed.