9 F.3d 977
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HOSIDEN CORPORATION, Matsushita Electrical Industrial Co.,
Ltd., Sharp Corporation, Toshiba Corporation, Hitachi, Ltd.,
NEC Corporation, and Seiko Epson Corporation, and Apple
Computer, Inc., and International Business Machines
Corporation, and Compaq Computer Corporation, and Tandy
Corporation, Plaintiffs-Appellees,
v.
ADVANCED DISPLAY MANUFACTURERS OF AMERICA, Planar Systems,
Inc., Plasmaco, Inc., Electro-Plasma, Inc., Photonics
Technology, Inc. and Magnascreen Corporation, and United
States International Trade Commission, Defendants-Appellants.
 Nos. 93-1224, 93-1269.
 United States Court of Appeals, Federal Circuit.
 July 13, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Hosiden Corporation et al. (Hosiden) move to dismiss the appeal of Advanced Display Manufacturers of America, et al. (Advanced Display), 93-1224, and the appeal of the International Trade Commission, 93-1269. Advanced Display and the Commission oppose. The Commission moves to consolidate Advanced Display's appeal with its appeal of the same order. Hosiden opposes. Hosiden moves to supplement its motion with documents filed in the Court of International Trade after the appeals.
 
 
 2
 This matter stems from Advanced Display's petition filed with the Department of Commerce in 1990 urging antidumping duty investigation of certain imports of high-information content flat panel displays and subassemblies thereof from Japan. At issue in this appeal is the Commission's final affirmative determination of injury to the domestic industry. In making that determination, the Commission concluded that various types of domestic panel displays and subassemblies constituted one "like" product in comparison to the two classes or kinds of imported panel displays under investigation.
 
 
 3
 That ruling, among others, was challenged in the Court of International Trade. In its December 29, 1992 order, the Court of International Trade ruled that, on remand, the Commission must perform separate analyses and make separate determinations with regard to each of the two separate classes or kinds of imported panel displays delineated by Commerce. Specifically, the Court of International Trade stated that "the statute limits the Commission to individual determinations of whether a domestic industry producing products like each separate class or kind of imported article is being injured by each separate class or kind of imported merchandise designated by Commerce" and that the Commission's "interpretation of its statutory duties [was] not in accordance with the plain language of the statute, and 'alter[ed] the clearly expressed intent of Congress.' " The Court of International Trade directed the Commission to report its determinations within 60 days, which was later extended by one week.[1] The Court of International Trade reserved issuing a decision on the challenge to Commerce's determinations. Advanced Display and the Commission appealed the remand order. Hosiden moves to dismiss.
 
 DISCUSSION
 
 4
 Hosiden argues that the remand order is not appealable, relying primarily on Cabot Corp. v. United States, 788 F.2d 1539 (Fed.Cir.1986) and Badger-Powhatan v. United States, 808 F.2d 823 (Fed.Cir.1986). Advanced Display and the Commission argue that the order is appealable, relying primarily on Sullivan v. Finkelstein, 496 U.S. 617 (1990) and Travelstead v. Derwinski, 978 F.2d 1244 (Fed.Cir.1992). We discuss the cases seriatim.
 
 
 5
 In Cabot, we dismissed an appeal of a Court of International Trade order that reversed and remanded to Commerce for further findings, investigation, and a redetermination concerning a countervailable duty determination with instructions to use a different standard than that used by Commerce initially. We concluded that such an order was not appealable either as a final order or under the collateral order doctrine:
 
 
 6
 Where, as here, the trial court remands to the administrative agency for additional findings, determination, and redetermination, the remand order is not appealable even though the order resolves an important legal issue such as the applicable standard for countervailability. This result comports with the policies underlying the finality rule and in particular avoids unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record.
 
 
 7
 Cabot, 788 F.2d at 1543. The analysis concerning appeals of remand orders in Cabot was "general and uncategorical." Travelstead, 978 F.2d at 1247.
 
 
 8
 In Badger-Powhatan, we applied the Cabot analysis to an appeal of a remand order that instructed Commerce to issue an amended final determination. Badger-Powhatan, 808 F.2d at 825. We pointed out in Badger-Powhatan that "[t]he case lacks trial court 'finality,' because the parties will still need to appear before the Court of International Trade if any of them challenges the amended determination of [Commerce]." Id.
 
 
 9
 In 1990, in Finkelstein, the Supreme Court decided the issue whether the Secretary of Health and Human Services could immediately appeal a district court remand order effectively declaring invalid certain regulations and remanding for consideration in light thereof. The Supreme Court decided that the order was a "final decision" for purposes of appeal under 28 U.S.C. Sec. 1291. The Supreme Court stated that the district court's remand order in that case was "unquestionably a 'judgment' " that "terminated" the case. Finkelstein, 496 U.S. at 625.
 
 
 10
 The statutory provision at issue in Finkelstein, 42 U.S.C. Sec. 405(g) (1988), permits judicial review in district courts of decisions of the Secretary. That provision provides:
 
 
 11
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing [fourth sentence remand].... The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based [sixth sentence remand].
 
 
 12
 The district court was permitted to enter two types of remands under the statute. Finkelstein, 496 U.S. at 625-26. The first type of remand, mentioned in the fourth sentence of 42 U.S.C. Sec. 405(g), returns the case back to the agency for further consideration but does not indicate that there will be further proceedings at the district court. The Supreme Court concluded that the "fourth sentence" type of action was a "judgment," within the meaning of the statutory provision at issue, 42 U.S.C. Sec. 405(g), even though the "judgment" remanded the case to the Secretary for further consideration. Finkelstein, 496 U.S. at 628. As a "judgment," the remand was appealable.
 
 
 13
 The other type of remand, referred to as a "sixth sentence" remand, may issue on the Secretary's motion or when the district court learns of new or previously unavailable evidence that might change the proceedings. Finkelstein, 496 U.S. at 626. After the proceedings on remand in a "sixth sentence" type of action, the Secretary reports back to the district court concerning the findings (whether modified or not) and the district court thereafter reviews all of the findings and enters a judgment. Finkelstein, 496 U.S. at 627. In a "sixth sentence" remand, the district court does not set aside the agency's original determination pending the consideration of the additional evidence by the agency, although the district court may have at least considered that the additional evidence could change the agency's determination. See Monongahela Valley Hosp., Inc. v. Sullivan, 945 F.2d 576, 588 n. 16 (3d Cir.1991). The Supreme Court, in distinguishing the two types of remand under that statute, clearly did not hold that the "sixth sentence" type of remand, one that contemplates future proceedings at the trial court and a future entry of final judgment, was an appealable remand order.
 
 
 14
 In Travelstead, we held that a Court of Veterans Appeals' remand order was issued under circumstances similar to those in Finkelstein. In that case, the Court of Veterans Appeals reversed the Board of Veterans Appeals, holding that the procedures applied by the Department of Veterans Affairs in evaluating eligibility for retroactive release from liability for certain loans were contrary to the express language of the statute. Travelstead, 978 F.2d at 1246. We stated that, as in Finkelstein, the remand order in Travelstead "unquestionably terminated the action before the court." Travelstead, 978 F.2d at 1248. In determining that the remand order was appealable, we stated:
 
 
 15
 The principal directive of Finkelstein is that remands are not all of the same nature. Some are final; some are not. A remand was recognized there to be final under the statute involved and in order to ensure that the court of appeals was able to review an important legal question which the remand made effectively unreviewable.
 
 
 16
 Travelstead, 978 F.2d at 1249. See also Finkelstein, 496 U.S. at 623 ("[t]here is, of course, a great variety in remands ... [i]t is necessary therefore to consider precisely what the District Court held and why it remanded this case to the Secretary"). Neither Travelstead nor Finkelstein held that the general rule prohibiting interlocutory appeals from remand orders to administrative agencies, as set forth in Cabot and Badger-Powhatan, was overruled or not applicable to proceedings like those in the Court of International Trade. See Finkelstein, 496 U.S. at 623 ("the issue before us is not the broad question whether remands to administrative agencies are always immediately appealable").
 
 A. The Commission's Appeal
 
 17
 Initially, we note that the circumstances in Finkelstein and Travelstead differ significantly from the circumstances in this case. In Finkelstein and Travelstead, there were only two parties involved, the secretaries of the respective agencies and the private petitioners. In contrast, here there are at least two private opposing parties and the government, which is aligned with one of those parties. One of the concerns in Finkelstein and Travelstead was that an important legal question raised by the remand might evade further review because the government could not seek review either in the remanding court or, later, in the circuit court, of a decision issued by the agency as mandated by the remanding court's instructions. Those concerns are not important factors here because the case has returned to the trial court after the remand determinations and because, even if the government cannot appeal, any private party may appeal an adverse judgment of the Court of International Trade after the trial proceedings are completed.
 
 
 18
 The Commission speculates that there is a possibility, if one of the private parties does not appeal from a final judgment, that the Commission could not make its arguments concerning the remand order on appeal from a future final judgment. The Commission points out that in Zenith Electronics Corp. v. United States, 875 F.2d 291 (Fed.Cir.1989), this court dismissed an appeal from a final judgment of the Court of International Trade because the United States' appeal did not present a case or controversy. In Zenith, the United States appealed from the Court of International Trade's final judgment, seeking review of a remand order issued two years earlier. Under both the earlier method utilized by Commerce and the method directed by the Court of International Trade on remand, Commerce came to the same result concerning the dumping margin. This court held that "the government has no stake in the legality" of the remand order and thus did not satisfy the "case or controversy requirement."
 
 
 19
 Unlike the present appeals, no party other than the government appealed in Zenith, and thus other options normally open to the United States (such as making its arguments as an appellee) were not available. We conclude that the possibility, however remote, that the Commission might not be able to challenge the remand order in this court is not analogous to the circumstances in Finkelstein and Travelstead. In those cases, the government likely would have been unable to return to the remanding court or to appeal to the circuit court because the only other party, the private petitioner, would likely have "won" on remand. Here, the Commission will appear again before the trial court and might also be able to challenge the remand as an appellee. See, e.g., Trent Tube Division, Crucible Materials Corp. v. Avesta Sandvik Tube AB, 975 F.2d 807, 812 (Fed.Cir.1992) (the Commission argues, as an appellee, that "its initial determination [before remand] had sufficient basis in fact and law, and should have been affirmed. But if the remand is deemed to have been correct, the remand determination, too, was sufficient"); Timken Co. v. United States, 894 F.2d 385 (Fed.Cir.1990). In the event that the Court of International Trade reverses the Commission's post-remand determination, the Commission itself can appeal. The lack of a case or controversy after the entry of final judgment in Zenith does not render this remand order appealable.
 
 
 20
 The parties also address the issue whether the language of the statute governing appeals from the Court of International Trade, like the statutes in Finkelstein and Travelstead, renders this remand order appealable. There is no specific language indicating that remand orders of the Court of International Trade are appealable. In Finkelstein and Travelstead, it was noted that the remand orders were, by statute, final dispositions of the cases before the remanding courts. See Finkelstein, 496 U.S. at 625 (remand order was "unquestionably a 'judgment' " under the terminology of the statute at issue); Travelstead, 978 F.2d at 1248 (Court of Veterans Appeals' remand order was a "final disposition of the proceeding" under the terminology of the statute at issue). Here, at least one of the private parties can seek further review in the Court of International Trade either because the Court of International Trade has retained the case pending the remand determinations or because a private party could institute a proceeding in the Court of International Trade challenging the remand determinations. Also, a private party and possibly the government can thereafter challenge adverse determinations by appeal to this court. In these circumstances, the remand order cannot be viewed as a judgment or final disposition of the case by the Court of International Trade absent specific statutory language to that effect.
 
 
 21
 This remand did not unquestionably terminate the action before the Court of International Trade as the remand orders did in Finkelstein and Travelstead. See Finkelstein, 496 U.S. at 625 (the district court's remand order was "unquestionably a 'judgment,' as it terminated the civil action challenging the Secretary's final determination ..., set aside that determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue"); Travelstead, 978 F.2d at 1248 (the Court of Veterans Appeals' decision remanding the case "unquestionably terminated the action before the court"). See also Monongahela Valley Hosp., 945 F.2d at 587 (district court's remand order terminated the action challenging the Secretary's determination). In this case, the Court of International Trade required the Commission to report its remand results to the Court of International Trade. The Court of International Trade has not entered a final judgment on the merits of the case. A final appealable judgment will be entered only after the Court of International Trade reviews, inter alia, the remand determinations.
 
 
 22
 Clearly, this procedure was not contemplated by the trial court in Finkelstein or by the Court of Veterans Appeals in Travelstead. In both Finkelstein and Travelstead, the remand orders were final judgments; the remand orders reversed the secretaries' positions and directed the secretaries to make certain determinations on remand because the earlier determinations were contrary to statutes. No further review was indicated by the remanding courts in those cases. See Badger-Powhatan, 808 F.2d at 825 (a remand order is not final if "the parties will still need to appear before the Court of International Trade if any of them challenges the amended determination"). Accordingly, this court can review the issues raised in the remand order if one of the parties appeals later from a final judgment. Cf., Trent Tube, 975 F.2d at 813 (Fed.Cir.1992) (after an affirmance by the Court of International Trade of the post-remand determination, this court reviews the Court of International Trade's remand order and, if necessary, the affirmance of the post-remand determination).
 
 
 23
 Moreover, although the issues raised by these appeals are comparable to the issues in Finkelstein and Travelstead, i.e., invalidation of a regulation or governmental action as contrary to a statute, we note that unlike those cases the Court of International Trade did not direct a particular result on remand. The Court of International Trade remanded to the Commission for separate inquiries concerning the two classes or kinds of panel displays. The Commission came to a different split result on remand, namely, that no domestic industry was materially injured by imports of one class or kind of panel displays and that the domestic industry was materially injured by imports of a second class or kind of panel displays. Any party adversely affected by a final judgment of the Court of International Trade could thereafter appeal, and an appellant or appellee can, if appropriate, argue that the remand order was in error.
 
 B. Advanced Display's Appeal
 
 24
 Travelstead and Finkelstein were cases involving two parties, the government and a private petitioner. Their teachings touched on whether the government could return to the remanding court after a remand order that has instructed the government to reverse its initial decision or approach. Their teachings do not support the proposition that a private party may appeal an interlocutory remand order. Any private party can argue that an adverse Commission determination on remand is in error before the Court of International Trade and can appeal any adverse determination by the Court of International Trade after the proceedings contemplated by the remand order have been finally completed.
 
 
 25
 Travelstead and Finkelstein together stand for the proposition that under certain circumstances a governmental entity, to which the case has been remanded for a new determination, may appeal from certain remand orders. The government may appeal, inter alia, if the remand order "unquestionably terminates" the action before the remanding court and extinguishes the government's ability to have an important regulatory or statutory issue reviewed because the government could not thereafter appeal from its own decision. However, Advanced Display cannot assert that it would be unable to appeal an adverse determination or that it would be unable to make certain arguments as an appellee at a later date. Advanced Display's involvement in any future appeal from a final judgment is limited only by its own actions.[2] See Badger-Powhatan, 808 F.2d at 825.
 
 
 26
 As a final matter, we recognize the unsettling effect that appeals from Court of International Trade remand orders could have on some cases. We disfavor a piecemeal approach to review and the possibility that such review could delay further a final adjudication concerning all issues in a case, especially when as here related issues are before this court and the Court of International Trade. Meanwhile, in the motion to dismiss no. 93-1224, Hosiden states that they "continue to post cash deposits for possible antidumping duties." Review of the issues in the remand order is not simply appropriate at this time.
 
 CONCLUSION
 
 27
 Recognizing that "[t]here is, of course, a great variety in remands" and realizing that the Supreme Court refused to address "the broad question whether remands to administrative agencies are always immediately appealable," Finkelstein, 496 U.S. at 623, we conclude that this remand order is not similar to the remand orders that were appealable in Finkelstein and Travelstead. Further, we find that the government's concern that it may not be able to appeal after a remand determination is not compelling because one of the private parties may appeal after final judgment. Moreover, the government, as an appellee, may argue that the remand order was improper. This case does not involve a remand order that compelled a particular result on remand, and proceedings continue at the trial court. In sum, the rationale of Cabot and Badger-Powhatan apply to this type of remand order issued by the Court of International Trade.
 
 
 28
 Accordingly,
 
 IT IS ORDERED THAT:
 
 29
 (1) Appeals 93-1224 and 93-1269 are consolidated. The revised official caption is reflected above.
 
 
 30
 (2) Hosiden's motions to dismiss appeals 93-1224 and 93-1269 are granted.
 
 
 31
 (3) Hosiden's motion to supplement is granted.
 
 
 32
 (4) All other pending motions are moot.
 
 
 
 [1]
 In its post-remand report to the Court of International Trade, the Commission determined affirmatively that a domestic industry was materially injured because of imports of one class or kind of merchandise but negatively as to imports of the second class or kind of merchandise
 
 
 [2]
 Advanced Display requests, in the event the court dismisses these appeals, that we "also find that neither [Advanced Display] nor the Commission is barred for reasons of mootness from appealing any [Court of International Trade] determination concerning the Commission's remand results." While we would not address such an issue at this time, we note that this court has reviewed remand orders, and the determinations made on remand, in appeals from final judgments of the Court of International Trade. See, e.g., Trent Tube, 975 F.2d at 813