19 F.3d 39
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward R. COLE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7084.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1994.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Edward R. Cole appeals from the April 13, 1993 order of the United States Court of Veterans Appeals (CVA) vacating, and remanding for readjudication, an April 3, 1992 decision by the Board of Veterans' Appeals (Board) denying Mr. Cole's claim for a total disability rating. Because the CVA's order is not a final decision, we do not have jurisdiction under 38 U.S.C. Sec. 7292(a) (Supp. IV 1992) to entertain Mr. Cole's appeal. Consequently, we dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 2
 * Mr. Cole, a combat veteran of the Korean War, was granted by the Department of Veterans Affairs (Agency) a combined disability rating of 70 percent for two service-connected disabilities. Some time thereafter, Mr. Cole filed a claim with the Agency to have his disability rating increased to 100 percent (i.e., "total disability") based upon his alleged unemployability. Following a denial of his claim, Mr. Cole sought review before the Board. The Board affirmed the denial of the claim, concluding that Mr. Cole had failed to demonstrate that his unemployability was due to his service-connected disabilities.
 
 
 3
 Mr. Cole appealed the Board's decision to the CVA. By order dated April 13, 1993, the CVA vacated the Board's decision and remanded the case "for readjudication for reasons set forth in the Secretary of Veterans Affairs' brief and to permit [Mr. Cole's] counsel to present any issues deemed necessary for the proper readjudication of [Mr. Cole's] claim." In his brief before the CVA, the Secretary of Veterans Affairs (Secretary) asserted that a remand for readjudication was necessary because the record compiled by the Board was insufficient to permit appellate review. Specifically, the Secretary asserted that the Board had failed to set forth in the record the evidentiary basis for its conclusion that Mr. Cole's non-service-connected disability contributed to his unemployability.
 
 
 4
 Upon appeal to this court, Mr. Cole asserts, inter alia, that the CVA's action of remanding the case for readjudication was improper because it was done at the behest of the Secretary rather than upon motion by Mr. Cole, or, presumably, by the CVA sua sponte. In support of his position, Mr. Cole argues that the Secretary's request for remand, and the CVA's grant thereof, violates 38 U.S.C. Sec. 7252(a) (Supp. IV 1992), which expressly prohibits the Secretary from seeking review of any decision by the Board.
 
 II
 
 5
 The scope of this court's review in appeals from the CVA is limited by its statutory grant of jurisdiction, 38 U.S.C. Sec. 7292 (Supp. IV 1992). Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992). Specifically, this court may exercise jurisdiction to consider an appeal only "[a]fter a decision of the United States Court of Veterans Appeals is entered in a case." 38 U.S.C. Sec. 7292(a) (Supp. IV 1992). As we have explained, the word "decision" in 38 U.S.C. Sec. 7292 refers to a final decision. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991), cert. denied, 112 S.Ct. 1683 (1992). Thus, the statute embodies the well-established principle, known as the "final judgment rule," which limits appellate jurisdiction to appeals from a decision or order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981). Mr. Cole apparently concedes that the CVA's remand order is not a final decision within the above definition. Nevertheless, he argues that this court has jurisdiction to entertain his appeal because it falls within an exception to the final judgment rule--namely, the "collateral order exception." We disagree.
 
 
 6
 Under the collateral order exception, an appellate court may exercise jurisdiction over a non-final decision if it falls within
 
 
 7
 that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.
 
 
 8
 Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). This court has previously noted that Cohen requires three separate elements to be satisfied for an order to be deemed "collateral." Specifically, under the Cohen test the order must
 
 
 9
 [ (1) ] conclusively determine the disputed question, [ (2) ] resolve an important issue completely separate from the merits of the action, and [ (3) ] be effectively unreviewable on appeal from a final judgment.
 
 
 10
 M.A. Mortenson Co. v. United States, 877 F.2d 50, 51 (Fed.Cir.1989) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)). Even assuming, for the sake of argument, that the first and third elements of the Cohen test are satisfied, we cannot say that the CVA's order is completely separate from the merits of Mr. Cole's claim, so as to satisfy the second element of the Cohen test.
 
 
 11
 As the Supreme Court made clear in Cohen, an issue is completely separate from the merits of the action only if "the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits...." 337 U.S. at 546. As noted above, the CVA's remand order was entered for the express purpose of requiring the Board to supplement the evidentiary record to permit meaningful appellate review of the Board's decision on the merits. Therefore, it would seem axiomatic that the CVA's remand order will affect decision of the merits (because it relates directly to the evidence upon which the decision on the merits will be based). It is for this reason, among others, that this court has recognized, as a corollary to the final judgment rule, "that an order remanding a matter to an administrative agency for further findings and proceedings is not final." Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986); accord Badger-Powhatan v. United States, 808 F.2d 823 (Fed.Cir.1986); Jeanette Sheet Glass Corp. v. United States, 803 F.2d 1576 (Fed.Cir.1986).
 
 
 12
 Accordingly, because the CVA's order vacating the Board's decision and remanding for readjudication by the Board cannot be characterized as completely separate from the merits of the action, the order is not appealable at this time.