**CABOT CORPORATION,**
Plaintiff-Appellee,

v.

**The UNITED STATES,**
Defendant-Appellant,

**Hules Mexicanos, S.A. and Negromex, S.A., Intervenors-Appellants.**

**Appeal No. 86–729.**

United States Court of Appeals, Federal Circuit.

April 9, 1986.

---

**1540**

Sheila N. Ziff, Dept. of Justice, Washington, D.C., for defendant.

Eugene L. Stewart and Terence P. Stewart, Washington, D.C., for plaintiff-appellee.

Andrew Jaxa-Debicki, O'Connor & Hannan, Washington, D.C., for intervenors-appellants Hules Mexicanos, S.A., et al.

Before BALDWIN, SMITH and NIES, Circuit Judges.

## ORDER

BALDWIN, Circuit Judge.

The court has before it the motion of appellee, Cabot Corporation (Cabot), a domestic producer of carbon black,[1] to dismiss this appeal. Appeal was taken by the United States from an October 4, 1985 order 620 F.Supp. 722, of the Court of International Trade which remanded the case to the International Trade Administration (ITA) for further findings, investigation, and redetermination with regard to a countervailing duty determination concerning carbon black imports from Mexico. We grant the motion.

### Background

In 1982, the ITA published notice that it was initiating a countervailing duty investigation of carbon black imports from Mexico as a result of a petition filed by Cabot alleging that Mexican carbon black producers received certain bounties and grants.

---

1. As defined by the Court of International Trade, carbon black is an "elemental carbon with incidental or planned surface oxidation that is formed under the controlled cracking, heating and quenching of a petroleum derivative feedstock."

In 1983, the ITA issued a final determination finding the net bounty or grant to be 0.88 percent *ad valorem*. 48 Fed.Reg. 29, 564 (1983). The ITA determined that some Mexican government programs conferred bounties or grants to Mexican producers while others did not.

Cabot challenged four of the ITA's determinations in an action brought in the Court of International Trade. These were: (1) the ITA's finding that the provision of carbon black feedstock and natural gas to Mexican carbon black producers did not constitute a countervailable subsidy; (2) the ITA's finding that one Mexican carbon black producer, Hules Mexicanos, had paid all applicable taxes and was therefore not subsidized; (3) the ITA's failure to determine whether the provision of low interest loans by a Mexican government agency (FONEI) to another Mexican carbon black producer, Negromex, constituted a countervailable subsidy; and (4) the ITA's calculation of the percentage *ad valorem* benefit of certain other preferential loans to Negromex.

In its order, the Court of International Trade reversed the ITA's finding that Mexico's provision of carbon black feedstock and natural gas at government set rates to Hules Mexicanos and Negromex did not constitute a countervailable subsidy and remanded the issue for "further investigation and redetermination" in light of the "competitive advantage" standard, which differed from the "generally available benefits" standard applied by the ITA.

The ITA was also directed to render a determination regarding the effect of low interest loan financing received by Negromex. The court sustained the ITA's determination that Hules Mexicanos had paid all applicable taxes, and therefore was not subsidized.[2] The court directed ITA to make findings and redeterminations, with a supplemented administrative record, and report them to the court "within 90 days after the [October 4, 1985] date of entry of this order."

The primary issue which the government wishes to raise on appeal is the Court of International Trade's rejection of the ITA's "generally available benefits" standard and substitution of a "competitive advantage" standard for the determination of what constitutes a countervailable bounty or grant. The government has stated that the portion of the order directing ITA to make a finding on the low interest loan issue to Negromex is "not in issue and is not a basis for the Government's appeal." Thus, the government does not contest remand on that issue nor the correction of the percentage *ad valorem* benefits calculation.

The question presented is whether the trial court's order is a final decision appealable to this court under 28 U.S.C. § 1295(a)(5).[3]

Cabot argues that, in the absence of interlocutory certification, the appeal is premature because "[o]n its face, this order requires further action by the agency prior to final action by the court."

The government argues that the remand order is final because the Court of International Trade "lost control over the agency action after remanding" and thus lacks "jurisdiction either to review the agency's new determination or to enter final judgment thereon" under the authority of *Freeport Minerals Co. v. United States*, 758 F.2d 629 (Fed.Cir.1985). Alternatively, the

---

**2.** The court did not rule on the issue regarding the correct calculation of the percentage *ad valorem* benefits received by Negromex because the "[United States] concedes that [Cabot's] calculations are correct and the error would be corrected in the § 751 (19 U.S.C. § 1675) review then in progress at the time of the filing of the United States cross-motion for review upon the agency record."

**3.** 28 U.S.C. § 1295 provides in relevant part:

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

. . . .

(5) of an appeal from a final decision of the United States Court of International Trade. . . .

For our purposes, "final decision" and "final judgment" are used interchangeably.

government argues that the order should be accorded "pragmatic finality."

### Analysis

■ The requirement of finality has been called "an historic characteristic of federal appellate procedure." *Flanagan v. United States,* 465 U.S. 259, 263, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984). The final judgment rule requires that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Id.* The Supreme Court has consistently held that as a general rule an order is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). The Court has identified several important interests served by the rule:

> It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the prejudgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.

*Flanagan,* 465 U.S. at 263–64, 104 S.Ct. at 1054; *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

■ A corollary rule is that an order remanding a matter to an administrative agency for further findings and proceedings is not final. *See, e.g., Memorial Hosp. System v. Heckler,* 769 F.2d 1043 (5th Cir.1985) (district court remand to the Provider Reimbursement Review Board);

*Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399 (5th Cir.1984) (en banc) (Benefits Review Board remand to administrative law judge); *Matter of Riggsby,* 745 F.2d 1153, 1156 (7th Cir.1984) (district court remand to bankruptcy judge); *United Transportation Union v. Illinois Central Railroad Co.,* 433 F.2d 566 (7th Cir.1970) (district court remand to the National Railroad Adjustment Board), *cert. denied,* 402 U.S. 915, 92 S.Ct. 1374, 28 L.Ed.2d 661 (1971); *McCoy v. Schweiker,* 683 F.2d 1138, 1141 n. 2 (8th Cir.1982) (en banc); *Howell v. Schweiker,* 699 F.2d 524, 526 (11th Cir.1983) (district court remand to the Secretary of Health and Human Services).

■ In *Newpark Shipbuilding,* for example, Newpark sought review of an order of the federal Benefits Review Board with regard to the claim of a disabled former employee for benefits under a federal workers' compensation act. The board's order had affirmed part of an administrative law judge's (ALJ's) decision concerning the applicable wage basis, rejected the ALJ's method of determining annual earnings, vacated the award of compensation, and remanded for further findings and proceedings. The en banc majority held that the board's remand order was not a "final order,"[4] rejecting a divided panel opinion, 698 F.2d 743 (5th Cir.1983), which accorded "pragmatic finality" to the board's order. The court reasoned that according pragmatic finality to board remand orders on a case-by-case basis was "in fundamental conflict with the values and purposes of the finality rule to avoid the delay and system-costs of piecemeal and multiple appeals, and to provide a relatively clear test of appealability so that needless precautionary appeals not be taken." 723 F.2d at 405. We think this reasoning applies as well to an order from the Court of International Trade remanding an action to the ITA for further findings and proceedings.

---

**4.** Although judicial review of the board was under 33 U.S.C. § 921(c), the court said that the "required finality for reviewability of an order of the Board follows, for the same reasons of

policy, the contours of the finality-requirement under 28 U.S.C. § 1291 for appealability of decisions of the district courts." 723 F.2d at 400.

We conclude that the court's order is not a final appealable order. Where, as here, the trial court remands to the administrative agency for additional findings, determination, and redetermination, the remand order is not appealable even though the order resolves an important legal issue such as the applicable standard for countervailability. This result comports with the policies underlying the finality rule and in particular avoids unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record.

Citing our decision in *Freeport Minerals Co. v. United States*, 758 F.2d 629 (Fed.Cir. 1985), the government advances the novel argument that unless the Court of International Trade retains jurisdiction over the particular case during remand, the remand order is final. On this argument we need only say that *Freeport* did not deal with the appealability to this court of a Court of International Trade order remanding to the ITA. With respect to that question, the authorities cited above provide the appropriate test for determining finality for purposes of appeal.

Next, the government asks us to consider a "practical rather than a technical" construction of the remand order, citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); and our decision in *Maier v. Orr*, 754 F.2d 973 (Fed.Cir.1985), arguing that the order is final and appealable because it finally determines the controlling issue in the case.

One statutory exception to the final judgment rule, found in 28 U.S.C. § 1292(d)(1), provides a means for a judge of the Court of International Trade to certify for appeal an order not otherwise appealable and allows this court in its discretion to permit appeal of such a certified order. We note in the present case that the government chose not to invoke this exception by requesting the trial court to certify the order.

*Compare McCoy v. Schweiker*, 683 F.2d 1138, 1141 & n. 2 (8th Cir.1982) (en banc) (district court certified for interlocutory appeal under 28 U.S.C. § 1292(b)) *with Matter of Riggsby*, 745 F.2d 1153, 1156 (7th Cir.1984) (even though remand order is not a final decision, this just means that the order is not automatically appealable; it may be appealable under one of the special procedures for interlocutory appeals such as 28 U.S.C. § 1292(b); but, Riggsby made no effort to appeal under § 1292(b)).

The Supreme Court has narrowly circumscribed non-statutory exceptions to the final judgment rule. "The importance of the final judgment rule has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" *Flanagan v. United States*, 465 U.S. at 265, 104 S.Ct. at 1055 (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)). Recent decisions have stated that departure will be allowed only for the limited category of cases falling within the "collateral order" exception delineated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See, e.g., Richardson-Merrell, Inc. v. Koller*, — U.S. —, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); *Flanagan v. United States*, 465 U.S. at 265, 104 S.Ct. at 1055; *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 375, 101 S.Ct. at 674. The "collateral order" exception covers orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. 2t 1225–26. To come within the exception, an order must at a minimum "conclusively determine the disputed question," "resolve an important issue completely separate from the merits of the action," and "be effectively unreviewable on appeal from a final judgment." *Coopers & Lyb-*

*rand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

■ The collateral order exception is inapplicable to the facts of this case. The trial court's order satisfies neither the second nor third parts of the three-part test. The proper legal standard for determining countervailability is not a collateral matter but rather goes to the heart of the case. Nor will the correctness of the trial court's use of the "competitive advantage" standard be rendered unreviewable by our decision. Appeal may be taken from any final decision of the trial court after the ITA has completed its findings, determination, and redetermination.[5]

The government's citation of *Maier v. Orr,* 754 F.2d 973 (Fed.Cir.1985), in support of its argument that the remand order here is a final decision because it finally determines the "controlling issue in the case" misses the mark. In *Maier,* the district court issued a writ of mandamus to the Secretary of the Air Force and granted *full relief* to petitioner. True, we noted that the district court "finally determined the controlling legal issue" in the case, 754 F.2d at 981, but that referred to the district court's determination that petitioner was entitled to be retroactively reinstated on active duty with back pay, retroactive promotions, and all other benefits flowing from reinstatement. There was no "remand" for further findings. Indeed, the district court specifically said there were no remaining fact issues. Retroactive reinstatement was finally determined and all that remained was for the Air Force to consider what promotions petitioner would have been entitled to under the circumstances. We held that the order was sufficiently injunctive in nature to justify taking jurisdiction under 28 U.S.C. § 1292(a)(1). Additionally, we cited *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and said that in considering the "practical factors" for applying the finality requirement of 28 U.S.C.

§ 1291, the order was a final decision for purposes of that section. Neither the facts nor the conclusions in *Maier* support finality in the present case. The Court of International Trade did not, and could not, make a final conclusion on countervailability because the ITA has to make further findings, determination, and redetermination. Also, the court's remand order here, unlike the order in *Maier,* does not come within the statutory exception to the final judgment rule concerning injunctions found in 28 U.S.C. § 1292(a)(1). Finally, there is no warrant here for applying the *Gillespie* rationale beyond the unique facts of that case. *Coopers & Lybrand,* 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30.

The issue regarding the proper legal standard to be applied to countervailability of benefits may be considered on a proper appeal from the trial court once it has had an opportunity to review the determination and redetermination made by ITA upon a complete administrative record.

Accordingly,

IT IS ORDERED THAT:

Cabot's motion is granted and this appeal is dismissed.

---

5. Neither party indicates whether the Court of International Trade stayed the remand order, or (if not) whether the ITA has, in fact, reported back to the Court of International Trade. We note that if the ITA had acted within the 90 days set forth in the remand order, its action would have been completed in early January, 1986.