904 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles PIERSON, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant,
 No. 90-1262.
 United States Court of Appeals, Federal Circuit.
 April 4, 1990.
 
 ON MOTION
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The United States moves for a stay, pending appeal, of the February 14, 1990 order of the Court of International Trade.
 
 
 2
 The February 14 order vacated a determination by the Secretary of Labor relating to the eligibility of Charles Pierson for worker adjustment assistance benefits and remanded the action to the Secretary for preparation and issuance of a final determination "consistent with foregoing opinion within thirty days." On March 19, the trial court extended the time to April 16, 1990. The trial court also specifically noted:
 
 
 3
 On March 15, 1990 the Government filed an appeal of the February 14 memorandum Opinion and Order with the Court of Appeals for the Federal Circuit. This Court received notification of the appeal through the Clerk of this Court. At no time did the Government request the Court to certify for appeal any questions in this action; nor has the Government notified this Court of what the Government believes to be the status of its two motions pending before this Court in light of the subsequently filed appeal. The Court considers its February 14 order an interlocutory order, not a final dispositive judgment, and therefore the Court perceives no legitimate basis for an appeal of that order.
 
 
 4
 In its motion to stay here, the United States conclusorily states that we have jurisdiction "because the CIT's remand order constitutes an injunction notwithstanding the Court's failure to style it as such" or, alternatively, "pursuant to 28 U.S.C. Sec. 1295(a)(5) because Slip Op. 90-16 constitutes a final decision of the CIT."
 
 
 5
 In Cabot v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986), we acknowledged the rule that an order remanding a matter to an administrative agency for further proceedings is not final or appealable. The United States has not persuaded us otherwise in this matter.
 
 
 6
 Accordingly,
 
 
 7
 (1) The United States' motion for stay is moot.
 
 
 8
 (2) The court, sua sponte, dismisses the United States' appeal.