1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Raymond JACKSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7032.
 United States Court of Appeals, Federal Circuit.
 May 5, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 RADER, Circuit Judge.
 
 ORDER
 
 1
 On March 18, 1993, the court directed the parties to address the issue of whether the Court of Veterans Appeals' order appealed from is appealable. The Secretary of Veterans Affairs argues that the order is not appealable and moves to dismiss. Raymond Jackson opposes dismissal.
 
 
 2
 On December 3, 1992, the Court of Veterans Affairs:
 
 
 3
 remanded to the BVA [Board of Veterans Appeals] with the instruction to issue a supplemental decision. On remand, the BVA is instructed to assist the appellant by obtaining the medical and service records referred to herein, to reconsider appellant's claim in light of all of the evidence that is available to it, and to support and provide reasons or bases for its decision.
 
 
 4
 In Cabot v. United States, 788 F.2d 1539 (Fed.Cir.1986), we held that an order remanding a case to an administrative agency for further findings and proceedings is an interlocutory, nonappealable order. Recently, in Travelstead v. Derwinski, 978 F.2d 1244 (Fed.Cir.1992), we elaborated on that holding recognizing that some remand orders are appealable and others are not. See Sullivan v. Finkelstein, 496 U.S. 617 (1990). Travelstead held that a remand order is appealable in order "to ensure that the court of appeals was able to review an important legal question which the remand made effectively unreviewable." Travelstead, 970 F.2d at 1249. In short, if an important legal question may evade review absent an immediate appeal, the remand order is recognized as final and appealable.
 
 
 5
 The Travelstead circumstances are not present here, however. If Jackson does not prevail on remand, then he may again seek review at the Court of Veterans Appeals and, if appropriate, in this court. There is no important legal question that will evade review.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Jackson's appeal is dismissed.
 
 
 8
 (2) All pending motions are moot.