9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen Edward ABBOTT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7093.
 United States Court of Appeals, Federal Circuit.
 Sept. 8, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Stephen Edward Abbott's appeal for lack of jurisdiction. Abbott opposes on the ground that he is appealing only the parts of the Court of Veterans Appeals' decision that summarily affirmed the Board of Veterans Appeals' decision or, in the alternative, consents on the condition that on remand the Board either reviews Abbott's case in its entirety or reviews certain of his claims in accordance with the Court of Veterans Appeals' remand order.
 
 
 2
 Abbott seeks review of a decision of the United States Court of Veterans Appeals that (1) summarily affirmed the parts of the Board of Veterans Appeals' decision that denied his claims for service connected benefits for various medical conditions and a psychiatric disorder, denied his claim for an increased disability rating for residuals of a right thumb injury, and denied his entitlement to a total disability rating based on individual unemployability, (2) vacated the part of the Board's decision that denied service connection for heart disease on the ground that the claim should not have been reopened, and (3) remanded his claim for a total disability rating for purposes of a non-service connected pension for further findings by the Board and his claims for a right eye disorder, a skin rash, and hives for adjudication by the Board.
 
 
 3
 Generally, orders remanding to an administrative agency are not final or appealable. Travelstead v. Derwinski, 978 F.2d 1244 (Fed.Cir.1992); Cabot Corp. v. United States, 788 F.2d 1539 (Fed.Cir.1986). In Travelstead, we stated that some remand orders may be recognized as final to insure that the court of appeals will be able to review an important legal question that the remand made effectively unreviewable. Travelstead, 978 F.2d at 1249.
 
 
 4
 Here, that concern is not applicable. Abbott may appeal from any future adverse decision of the Board to the Court of Veterans Appeals and, if appropriate, he then may appeal to this court.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.