26 F.3d 137
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold E. HINRICHS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7003.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 
 ORDER
 MICHEL, Circuit Judge
 ON MOTION
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Harold E. Hinrichs's appeal for lack of jurisdiction. Hinrichs opposes.
 
 
 2
 The Board of Veterans Appeals denied Hinrichs's claim for a permanent and total disability rating for purposes of a pension. The Court of Veterans Appeals vacated the Board's decision and remanded the case to the Board (1) to consider Hinrichs's functional loss due to pain, (2) to assess the credibility of the evidence and provide reasons for such determinations, (3) to develop the issue of Hinrichs's degenerative joint disease, and (4) to set forth the reasons or bases for the Board's decision.
 
 
 3
 Hinrichs appealed to this court arguing that his case is ripe for appellate review pursuant to 28 U.S.C. Sec. 1331 because the Department of Veterans Affairs' actions have violated his constitutional rights and the Court of Veterans Appeals' remand order is inadequate to ameliorate the personal and financial wrongs he has suffered.
 
 
 4
 Because Hinrichs's case was remanded to the Board, the Court of Veterans Appeals' order is not a final appealable order. See Cabot Corp. v. United States, 788 F.2d 1539, 1542-43 (Fed.Cir.1986) (stating that "a corollary rule is that an order remanding a matter to an administrative agency for further findings and proceedings is not final"). We noted an exception to this rule in Travelstead v. Derwinski, 978 F.2d 1244, 1249 (Fed.Cir.1992). In that case, we stated that, although orders remanding to an administrative agency for further proceedings are not generally final or appealable, a remand order may be recognized as final to insure that the court of appeals will be able to review an important legal question that the remand would make effectively unreviewable. Here, that concern is not applicable. Hinrichs may prevail before the Board or on appeal to the Court of Veterans Appeals. If he does not prevail before the Board, he may appeal to the Court of Veterans Appeals and, if appropriate, he may then appeal to this court. Thus, Hinrichs's right to review of any adverse rulings is not impeded.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.