61 F.3d 918
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lazaro E. PINEDA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3223.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 65 MSPR 511
 PETITION DISMISSED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Lazaro E. Pineda was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Pineda submits an overlong opposition fifteen days out of time. We, sua sponte, grant Pineda an extension of time to file an overlong opposition. Further, we, sua sponte, consider whether Pineda's petition for review should be dismissed because the Board's decision is not a final, appealable order.
 
 
 2
 Pineda was employed from 1947 until 1982 by the Department of the Air Force at Clark Air Base, Philippines. In 1982, Pineda was terminated when his temporary appointment expired, and he applied for retirement benefits under the CSRA. OPM denied Pineda's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Pineda's service from 1966 until 1982 was under a series of temporary appointments not to exceed one year or indefinite, excepted appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and (a)(13). Thus, the AJ "affirmed" that part of OPM's reconsideration decision concerning Pineda's later employment, concluding that while Pineda had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). However, the AJ also determined that the record did not contain contemporaneous, primary documentation concerning Pineda's service from 1947 until 1966. The AJ remanded that portion of the reconsideration decision to OPM for further processing and the issuance of a new decision regarding the earlier period of employment. Pineda petitioned this court for review.
 
 
 3
 Generally, an order remanding a matter to an administrative agency for further findings and proceedings is not a final and appealable order. Cabot Corporation v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986). This rule "helps preserve the respect due trial judges by minimizing appellate-court interference" and "saves the expense and delays of repeated appeals in the same suit." Travelstead v. Derwinski, 978 F.2d 1244, 1247 (Fed. Cir. 1992) (citations omitted).
 
 
 4
 Thus, although the AJ "affirmed" the portion of OPM's reconsideration decision that denied Pineda retirement benefits on the basis of his later employment, we conclude that the order is not a final, appealable order and that the AJ retains jurisdiction over the entire case while OPM conducts further proceedings relating to Pineda's service from 1947 until 1966.
 
 
 5
 This result comports with the policies underlying the finality rule and in particular avoids unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record.
 
 
 6
 Cabot, 788 F.2d at 1543. We note that the AJ's decision concerning Pineda's later service is not rendered "effectively unreviewable" by the remand. See Travelstead, 978 F.2d at 1250; compare Sullivan v. Finkelstein, 496 U.S. 617 (1990) (remand order was a final, appealable order because it terminated civil action challenging Secretary of Health and Human Services' final decision, set aside that decision, held that Secretary could not follow his own regulations on remand, and created "grave doubt" as to whether Secretary could later appeal his own order). If OPM denies Pineda's application on remand and the case returns to the Board, then the AJ must incorporate this decision into a new decision. Pineda may petition this court for review, if appropriate, seeking review of both decisions.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is denied.
 
 
 9
 (2) Pineda's petition for review is dismissed.
 
 
 10
 (3) Each side shall bear its own costs.