64 F.3d 674
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold P. HARPER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7028.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Harold P. Harper's appeal for lack of jurisdiction. Harper has not responded.
 
 
 2
 In 1992, the Board of Veterans Appeals issued a decision denying Harper entitlement to service connection for carcinoma. On October 31, 1994, the Court of Veterans Appeals vacated and remanded that decision for further development and readjudication of Harper's claim. Harper appealed to this court.*
 
 
 3
 The Secretary argues that this court lacks jurisdiction to hear Harper's appeal because the remand order is not a final and appealable order. We agree. Generally, an order remanding a matter to an administrative agency for further findings and proceedings is not a final and appealable order. Cabot Corporation v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986). This rule "helps preserve the respect due trial judges by minimizing appellate-court interference" and "saves the expense and delays of repeated appeals in the same suit." Travelstead v. Derwinski, 978 F.2d 1244, 1247 (Fed. Cir. 1992) (citations omitted).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 On February 2, 1995, the Court of Veterans Appeals granted in part Harper's motion for an extension of time to file his notice of appeal. Harper's notice of appeal was timely filed on February 6, 1995