65 F.3d 186
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Florentino T. GARCIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3647.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Florentino T. Garcia was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Garcia submits an overlong opposition eighteen days out of time. We, sua sponte, grant Garcia an extension of time to file an overlong opposition. Further, we, sua sponte, consider whether Garcia's petition for review should be dismissed because the Board's decision is not a final, appealable order.
 
 
 2
 Garcia was employed by the Department of the Navy in Subic Bay, Philippines for an unknown period of time before 1947 and from 1953 until 1988, when he reached mandatory retirement age. In 1993, Garcia applied for retirement benefits under the CSRA. OPM denied his application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Garcia's service from 1953 until 1988 was under an indefinite, excepted appointment that was specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). Thus, the AJ "affirmed" that part of OPM's reconsideration decision concerning Garcia's later employment, concluding that while Garcia had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). However, the AJ also determined that the record did not contain sufficient documentation concerning Garcia's service before 1947. The AJ remanded that portion of the reconsideration decision to OPM for further processing and the issuance of a new decision regarding the earlier period of employment. Garcia petitioned this court for review.
 
 
 3
 Generally, an order remanding a matter to an administrative agency for further findings and proceedings is not a final and appealable order. Cabot Corporation v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986). This rule "helps preserve the respect due trial judges by minimizing appellate-court interference" and "saves the expense and delays of repeated appeals in the same suit." Travelstead v. Derwinski, 978 F.2d 1244, 1247 (Fed. Cir. 1992) (citations omitted).
 
 
 4
 Thus, although the AJ "affirmed" the portion of OPM's reconsideration decision that denied Garcia retirement benefits on the basis of his later employment, we conclude that the order is not a final, appealable order and that the AJ retains jurisdiction over the entire case while OPM conducts further proceedings relating to Garcia's service before 1947.
 
 
 5
 This result comports with the policies underlying the finality rule and in particular avoids unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record.
 
 
 6
 Cabot, 788 F.2d at 1543. We note that the AJ's decision concerning Garcia's later service is not rendered "effectively unreviewable" by the remand. See Travelstead, 978 F.2d at 1250; compare Sullivan v. Finkelstein, 496 U.S. 617 (1990) (remand order was a final, appealable order because it terminated civil action challenging Secretary of Health and Human Services' final decision, set aside that decision, held that Secretary could not follow his own regulations on remand, and created "grave doubt" as to whether Secretary could later appeal his own order). If OPM denies Garcia's application on remand and the case returns to the Board, then the AJ must incorporate this decision into a new decision. Garcia may petition this court for review, if appropriate, seeking review of both decisions.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is denied
 
 
 9
 (2) Garcia's petition for review is dismissed.
 
 
 10
 (3) Each side shall bear its own costs.