98 F.3d 1356
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne H. FORD, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7044.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Wayne H. Ford's appeal for lack of jurisdiction. Ford opposes.
 
 
 2
 On August 30, 1995, the Board of Veterans Appeals issued a decision granting Ford entitlement to an effective date of September 1, 1988 for special monthly compensation for loss of the buttocks. On April 11, 1996, the Court of Veterans Appeals vacated that decision and remanded for further development and readjudication of Ford's claim. Ford appealed to this court.
 
 
 3
 The Secretary argues that this court lacks jurisdiction to hear Ford's appeal because the remand order is not a final and appealable order. We agree. Generally, an order remanding a matter to an administrative agency for further findings and proceedings is not a final and appealable order. Cabot Corporation v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986). This rule "helps preserve the respect due trial judges by minimizing appellate-court interference" and "saves the expense and delays of repeated appeals in the same suit." Travelstead v. Derwinski, 978 F.2d 1244, 1247 (Fed.Cir.1992) (citations omitted).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.