NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLY L. BOLES, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1321

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3195, Judge Coral Wong Pietsch.

---

Decided: April 11, 2016

---

BILLY L. BOLES, SR., Denton, NC, pro se.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for claimant-appellant. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Billy L. Boles is seeking compensation for service-connected disability related to an alleged Agent Orange exposure during his service in the U.S. Army. Although the Board of Veterans' Appeals declined to find service connection, the United States Court of Appeals for Veterans Claims vacated the decision and remanded the action for further proceedings. Because we lack jurisdiction to consider Mr. Boles's appeal from the Veterans Court's non-final remand order, we dismiss Mr. Boles's appeal.

Mr. Boles filed separate claims for service connection for diabetes and a heart condition. In a June 2014 decision, the Board denied Mr. Boles's claims for benefits, finding that (1) he failed to present credible evidence that his heart condition was related to service, and (2) documentary evidence showed that no Agent Orange was used at Fort Rucker, Alabama, where Mr. Boles's asserted he was exposed to the chemical. On appeal, the Veterans Court found that the Board's reliance on evidence that, on its face, showed "that records of small scale use of herbicides were not kept," when "combined with the Board's failure to adequately consider Mr. Boles's statements," rendered its decision denying service connection inadequate. J.A. 5. Likewise, because the Board's decision not to order a medical exam was predicated on its finding that Mr. Boles's testimony regarding exposure to Agent Orange was not credible, the Veterans Court concluded that the Board should reconsider whether a medical examination is warranted in this case. Accordingly, the Veterans Court vacated and remanded the Board's decision for further findings.

Our jurisdiction over appeals from the Veterans Court is limited by statute. 38 U.S.C. § 7292. In addition to the

statutory limitations, we ordinarily lack jurisdiction over non-final decisions of the Veterans Courts, such as remands. *Williams v. Principi*, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002). Such a requirement avoids "piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed. Cir. 1986). There is, however, a limited exception to this "strict rule of finality," such as when a decision remanding a case to an administrative body renders an important legal question effectively unreviewable later in litigation. *Williams*, 275 F.3d at 1364. This appeal does not present such a situation.

For these reasons, we dismiss Mr. Boles's appeal for lack of jurisdiction.

## DISMISSED

No costs.