### Cecile A. BROWN, Claimant-Appellant

v.

### David J. SHULKIN, Secretary of Veterans Affairs, Respondent-Appellee

#### 2018-1072

United States Court of Appeals, Federal Circuit.

Decided: January 12, 2018

CECILE A. BROWN, Alexandria, LA, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

Before Lourie, Dyk, and Taranto, Circuit Judges.

Per Curiam.

Cecile A. Brown ("Brown") appeals from the remand order of the U.S. Court of Appeals for Veterans Claims (the "Veterans Court"). *See Brown v. Shulkin*, No. 16-3236, 2017 WL 3722598 (Vet. App. Aug. 30, 2017) (*"Decision"*). For the reasons that follow, we dismiss the appeal.

## BACKGROUND

Brown is the daughter of William Ellis ("Ellis"), a deceased veteran who served on active duty from June 1986 to March 1992. Ellis died in 2009. At the time of his death, he had claims pending before the Department of Veterans Affairs ("VA"), including for an increased service-connected psoriasis rating. He had a 60% disability rating for psoriasis under Diagnostic Code ("DC") 7816, which is the maximum schedular rating under that code. 38 C.F.R. § 4.118. Brown filed a claim for accrued benefits and dependency and indemnity compensation.

Following an unfavorable decision by the Regional Office, Brown appealed to the Board of Veterans' Appeals ("Board"). Although finding in favor of Brown in certain respects, the Board denied the claim for an increased psoriasis rating and declined to refer the matter for extraschedular consideration. Brown appealed to the Veterans Court.

The Veterans Court addressed only the finding of lack of entitlement to a rating in excess of 60% for Ellis's service-connected psoriasis and declined to disturb the Board's favorable findings on the other issues. The Veterans Court affirmed the Board's selection of DC 7816 as the appropriate DC for evaluating the skin disability, but remanded to the Board for readjudication to address potentially favorable evidence supporting an extraschedular rating. The Veterans Court denied Brown's motion for reconsideration. Brown appealed and now seeks to invoke our jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited by statute. 38 U.S.C. § 7292(a). That statute does not recite a finality requirement, *see Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002), but we have nevertheless held that we ordinarily lack jurisdiction over non-final decisions of the Veterans Court, such as remands, *id.* at 1363–64; *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). That requirement avoids "piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed. Cir. 1986).

We have recognized a narrow exception to the general finality requirement, and will review a remand order from the Veterans Court if three conditions are met:

(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted).

Brown has not argued that any of these conditions are satisfied. Instead, Brown argues that we should "review the petition because the remand is final and [she] ... ha[s] exceptional circumstances such as fi-

nancial hardship...." Appellant's Reply Br. 1–2. The government responds that the Veterans Court's remand order is not sufficiently final, and there are no exceptional circumstances warranting review at this time.

We agree with the government that we lack jurisdiction. The appealed-from order is not final because it remanded the case to the Board for readjudication. *See Decision*, 2017 WL 3722598, at *3. Accordingly, the *Williams* criteria must be satisfied for us to exercise jurisdiction over this appeal.

However, the remand order in this case does not satisfy the three *Williams* criteria. Brown has not identified a final decision on a legal issue over which she seeks review or explained how the Veterans Court's decision adversely affects her. Indeed, the Veterans Court remanded the claim for an increased psoriasis rating to the Board to address "potentially favorable evidence" that may support an extraschedular rating above 60%. *Id.* Proper consideration of such evidence appears to be what she is seeking in this appeal, and the Veterans Court has ordered that such review be conducted by the Board. *See* Appellant's Br. 1 (arguing there was a "fail[ure] to mention favorable [and] medical lay evidence"). Brown has also not identified an issue "that the remand proceeding may moot." *Williams*, 275 F.3d at 1364. Thus, Brown has not met the requirements for an exception to the general rule barring review of non-final decisions.

We have considered the remaining arguments, but conclude that they are without merit.

### CONCLUSION

For the foregoing reasons, we dismiss for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.