NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CECILE A. BROWN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2019-2066

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5977, Judge William S. Greenberg.

———————————

Decided: December 6, 2019

———————————

CECILE A. BROWN, Alexandria, LA, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————

Before DYK, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Cecile A. Brown appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court vacated the Board of Veterans' Appeals ("Board") decision and remanded for further proceedings. We dismiss.

BACKGROUND

Ms. Brown is the daughter of William Ellis, who served in the United States Army from 1986 to 1992. When Mr. Ellis died in 2009, he had received "a 60 percent [disability] rating [for psoriasis] under Diagnostic Code [('DC')] 7816," which is the maximum schedular rating under that code. App'x 8.[1] He had claims pending before the Department of Veterans Affairs ("VA"), including one for an increased psoriasis rating. After his death, Ms. Brown filed a claim for entitlement to accrued benefits (based on the asserted right to an increased psoriasis rating) and dependency and indemnity compensation. In July 2009, the VA Regional Office denied her claim for entitlement to accrued benefits.

On appeal, the Board denied Ms. Brown's accrued benefits claim. On review, the Veterans Court remanded to the Board to address "potentially favorable evidence" that might support an extra-schedular rating.[2] App'x 18–19.

————————

[1]    "App'x" refers to the appendix attached to the government's response brief.

[2]    An extra-schedular rating may be approved in unusual cases where the "application of the regular schedular standards is impractical because the disability is so excep-

Ms. Brown appealed the Veterans Court's decision to this court. We dismissed the appeal because that decision was not final. *Brown v. Shulkin*, 708 F. App'x 686, 687–88 (Fed. Cir. 2018).

In July 2018, on remand, the Board decided that an extra-schedular rating was not warranted because "the evidence does not show an exceptional or unusual disability picture." App'x 13. It found that "symptoms of itching and painful lesions are adequately contemplated by DC 7816, which contemplates psoriasis that involves more than 40 percent of the entire body area affected" and explained that the "term 'affected' would reasonably include symptoms associated with psoriasis, which generally would encompass itchy and painful skin." App'x 12.

In May 2019, the Veterans Court held that "the Board provided an unsubstantiated medical opinion for finding that the term 'affected' included [Mr. Ellis's] symptoms," App'x 4, and that "the Board failed to explain how [his] inability to wear clothing because of his painful lesions did not cause marked interference with employment," App'x 5. It thus vacated the Board's decision and again remanded for readjudication. Ms. Brown now appeals.

DISCUSSION

The scope of our review in an appeal from a Veterans Court's decision is limited by statute. 38 U.S.C. § 7292. Although it does not recite a finality requirement, we have "generally declined to review non-final orders of the Veterans Court" such as remand orders "because they are not final judgments." *Williams v. Principi,* 275 F.3d 1361, 1363–64 (Fed. Cir. 2002) (citations omitted). The finality

tional or unusual due to such related factors as marked interference with employment or frequent periods of hospitalization." 38 C.F.R. § 3.321(b)(1).

requirement avoids "unnecessary piecemeal appellate re-view without precluding later appellate review of the legal issue or any other determination made on a complete ad-ministrative record." *Cabot Corp. v. United States,* 788 F.2d 1539, 1543 (Fed. Cir. 1986).

The Veterans Court's decision on appeal is a non-final decision because the Veterans Court remanded to the Board to readjudicate the claim regarding the psoriasis rat-ing. Therefore, as we held in our earlier ruling in this case, *Brown*, 708 F. App'x at 687–88, the finality requirement has not been satisfied by a remand only. *Williams*, 275 F.3d at 1364. There is no claim here that any exception to finality applies. *See id.*

Here, Ms. Brown states that she wishes to present "ar-guments pertaining to . . . [a] wrongful death claim."[3] Ap-pellant Br. 1. This issue has not been adjudicated by the Veterans Court in its decision on appeal, and is not in a posture appropriate for our review.

We conclude that the Veterans Court's decision is not final for the purpose of our review and therefore dismiss the appeal. Ms. Brown must receive a final decision by the Veterans Court before appealing to this court.

## DISMISSED

### COSTS

No costs.

---

[3]    In a supplemental filing, Ms. Brown withdrew ar-guments pertaining to her "CUE [('clear and unmistakable error')] claim and early effective date of death claim." First Suppl. to Reply Br. 1, ECF 47.