NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK N. ANDERSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2068

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4128, Judge Joseph L. Falvey, Jr.

---

Decided: February 13, 2024

---

PATRICK N. ANDERSON, Mobile, AL, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; BENJAMIN ISAAC HERSKOVITZ, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――

Before REYNA, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Patrick N. Anderson appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") remanding his claim for special monthly compensation ("SMC") to the Board of Veterans' Appeals ("board") and affirming the denial of his claims related to right ankle arthritis and right hip bursitis. For the reasons discussed below, we dismiss his appeal.

## I. BACKGROUND

Anderson has been granted service connection for a number of conditions, including a right ankle fracture, right ankle arthritis, right hip trochanter bursitis, cold injury residuals for both of his lower extremities, and depressive disorder. Appx. 11, 10–34.[*] In August 2014, he was awarded total disability based on individual unemployability ("TDIU") benefits. Appx. 15.

On July 22, 2021, the board denied Anderson's claims for: (1) an initial disability rating in excess of 10 percent for his service-connected right ankle arthritis; (2) an initial disability rating in excess of 20 percent for his service-connected right hip trochanter bursitis, limitation of flexion; (3) an initial disability rating in excess of 10 percent for his service-connected right hip trochanter bursitis, impairment of the thigh; (4) an initial compensable disability rating for his service-connected right hip trochanter bursitis, limitation of extension; (5) TDIU for the period on appeal

―――――――――――

[*]    "Appx." refers to the appendix filed with the government's informal brief.

prior to October 17, 2001; and (6) SMC. *See* Appx. 10–12, 33–36. On appeal, the Veterans Court affirmed all aspects of the board's decision, except for the portion of the decision denying Anderson's claim for SMC. In remanding the SMC issue, the Veterans Court noted that the Secretary of Veterans Affairs had conceded that the issue had not been adequately addressed by the board. Appx. 2–3. The court explained, moreover, that remand was appropriate because the board erred in failing to adequately assess whether any one of Anderson's disabilities, considered alone, could warrant TDIU, thereby potentially satisfying the eligibility requirements for SMC. *See* Appx. 3; *see also Guerra v. Shinseki*, 642 F.3d 1046, 1049 (Fed. Cir. 2011) (explaining that a veteran may qualify for SMC if he has "a single disability with a 100% rating"). Anderson then filed a timely appeal with this court.

## II. DISCUSSION

Our jurisdiction over appeals from the Veterans Court is circumscribed by statute. *See Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We are vested with authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Anderson argues that the Veterans Court should have directly awarded him SMC rather than remanding the issue of his entitlement to this form of compensation to the board. *See* Appellant's Inf. Br. 8–11, 33. As a general rule, however, this court will not review remand orders issued by the Veterans Court because they are not final judgments. *See, e.g.*, *Deloach v. Shinseki*, 704 F.3d 1370, 1375–76 (Fed. Cir. 2013) ("Generally, we decline to review remand orders of the [Veterans Court] because

they are viewed as non-final decisions."); *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001) ("In applying the statute that grants us jurisdiction over appeals from the Veterans Court, we have generally declined to review non-final orders of the Veterans Court." (citation omitted)). This "requirement of finality serves to avoid 'unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record.'" *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (quoting *Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed. Cir. 1986)).

This court will "depart from the strict rule of finality" and review a remand order from the Veterans Court only if three conditions are satisfied:

> (1) [T]here must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* (footnotes omitted).

These prerequisites are not met here. The Veterans Court, in its remand order, did not decide any legal question related to Anderson's entitlement to SMC, but instead remanded his case to the board for further factual development. *See* Appx. 2–3. Nor is there any basis to conclude that the remand proceedings will moot any legal issue. *See Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) ("[O]ur jurisdiction over a veteran's case is proper 'when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of the

litigation.'" (quoting *Grantham v. Brown*, 114 F.3d 1156, 1159 (Fed. Cir. 1997))). Accordingly, we decline to review the remand portion of the Veterans Court's decision. *See* Appx. 2–3.

Anderson also challenges various factual determinations made by the board, such as its determination that he is not entitled to a higher rating for his right ankle disabilities. Appellant's Inf. Br. 28–33. As discussed previously, however, we lack jurisdiction to review the board's factual determinations. *See, e.g.*, *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Anderson further asserts that the Veterans Court erred in determining that he failed to raise before the board the issue of whether certain medical records qualified as informal claims for disability benefits. *See* Appellant's Inf. Br. 25–33. Because this determination involved the application of settled law to the facts of Anderson's case, however, we are without authority to review it. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) (emphasizing that this court may "not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case").

In his informal brief, Anderson alleges that his due process rights have been violated because he has been denied a fair hearing on the question of whether he has a single disability which qualifies him for SMC. *See* Appellant's Inf. Br. 20–23, 25–26. Additionally, relying on *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a criminal case, he asserts that the board improperly suppressed evidence related to his entitlement to SMC. *See* Appellant's Inf. Br. 11, 20–24.

Anderson, however, points to nothing in the record suggesting that any evidence related to his entitlement to SMC has been suppressed or that the board or the Veterans Court failed to afford him an opportunity to present

arguments and evidence related to his entitlement to various forms of veterans' disability benefits.  Because the Veterans Court did not decide any constitutional issues and Anderson presents only bare assertions that his due process rights have been violated, we conclude that his challenges are constitutional in name only.  As such, these challenges are not reviewable by this court.  *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (explaining that a veteran's mere characterization of an issue as constitutional in nature is insufficient to establish appellate jurisdiction in this court); *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (emphasizing that "[t]o the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed . . . his claim is constitutional in name only").  We have considered Anderson's remaining arguments in support of jurisdiction but do not find them persuasive.

### III. CONCLUSION

Accordingly, the appeal from the judgment of the United States Court of Appeals for Veterans Claims is dismissed.

**DISMISSED**