NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**JOHN BERRY, DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT,**
*Petitioner,*

v.

**RHONDA K. CONYERS,**
*Respondent,*

AND

**DEVON HAUGHTON NORTHOVER,**
*Respondent,*

AND

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

Miscellaneous Docket No. 984

---

Petition for Review of the Merit Systems Protection Board in consolidated case nos. CH0752090925-R-1 and AT0752100184-R-1.

---

**ON MOTION**

---

Before BRYSON, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

The Director of the Office of Personnel Management (OPM) petitions for review of an order of the Merit Systems Protection Board pursuant to 5 U.S.C. § 7703(d). Rhonda K. Conyers, Devon Haughton Northover, and the Board respond and move to dismiss the petition. OPM replies.

Conyers and Northover were indefinitely suspended and demoted, respectively, from their positions with the Department of Defense after they were found ineligible to occupy noncritical sensitive national security positions because of national security concerns. Conyers and Northover separately appealed the agency's actions. In both appeals, the agency argued that, because the respondents' positions were designated noncritical sensitive by the agency, under the Supreme Court's decision in *Dep't of the Navy v. Egan*, 484 U.S. 518 (1988), the Board could not review the merits of the agency's decisions.

In *Egan*, the Supreme Court held that the Board does not have the authority to review the substance of an underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action. The administrative law judge in Conyers' case found that *Egan* did not apply, but granted the agency's motion to certify the issue for interlocutory appeal. The administrative law judge in Northover's case found that *Egan* did apply, and also certified the issue for interlocutory appeal.

On December 22, 2010, the Board affirmed the administrative law judge's decision in Conyers and reversed the decision in Northover, concluding that *Egan* "limits the

Board's review of an otherwise appealable adverse action only if that action is based upon a denial, revocation, or suspension of . . . access to classified information or eligibility for such access." Because Conyers' and Northover's appeals did not specifically involve the denial of a security clearance, the Board concluded it had authority to review the merits of the agency's decisions. The Board then remanded both cases and directed the administrative law judges to adjudicate the cases under the general applicable standard the Board applies in adverse action appeals. OPM moved for reconsideration of the Board's decisions, which the Board denied. This petition for review followed.

Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a final Board order or decision when it determines that the Board erred in interpreting a civil service law, rule or regulation, and that that Board's decision will have a substantial impact on the administration of the civil service. Generally, this court does not have jurisdiction to review remand orders because such orders are not final. *See Weed v. Social Sec. Admin.*, 571 F.3d 1359, 1362-63 (2009) (Board's remand order was not final order subject to immediate review); *Cabot Corp. v. United States*, 788 F.2d 1539, 1542-43 (Fed. Cir. 1986) ("[A]n order remanding a matter to an administrative agency for further findings and proceedings is not final.") OPM argues that this court has jurisdiction to review the orders under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) because the orders resolve an issue conclusively, resolve important questions separate from the merits, and could be effectively unreviewable on appeal from the Board's final decision in the case. *See also Matthews v. Eldridge*, 424 U.S. 319, 330-31 (1976) (allowing judicial review of administrative action on collateral issue). We agree that the orders resolve the issue conclusively and resolve a question separate from the merits, i.e., separate

from the merits of whether the actions against the employees were proper. Regarding the third criterion, whether the issue could be effectively reviewable on appeal from a final decision, OPM argues that delay in review of the issue would "imperil a substantial public interest" or a "particular value of a high order" and thus collateral review is proper. *See e.g. Will v. Hallock*, 546 U.S. 345, 350, 351-53 (2006). We agree that the issues in the Board's orders raise an issue of such interest, i.e., whether the agency must disclose its determinations regarding what it classifies as issues of national security and must litigate the merits of such a determination, and thus are subject to immediate review.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) OPM's petition for review is granted. The revised official caption is reflected above.

(2) The motions to dismiss are denied.

For The Court

AUG 1 7 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Rhonda K. Conyers
Andres M. Grajales, Esq.
Abby C. Wright, Esq.
Jeffrey A. Gauger, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2011

JAN HORBALY
CLERK