# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HAROLD K. GAUSE, | DOCKET NUMBER |
|           Appellant, | CH-3330-19-0233-I-1 |
|      v. | |
| RAILROAD RETIREMENT BOARD, | DATE: June 20, 2024 |
|          Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rueben Cartwright, Esquire, Humble, Texas, for the appellant.

Eunice Kirk, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to find that the appellant failed to show that the agency violated his rights under a statute or regulation relating to veterans' preference when it concluded that he did not meet the specialized experience requirement for a Claims Representative position.

## BACKGROUND

The appellant is an Economic Assistant, GS-0119-07, Step 7, with the Bureau of Labor Statistics in the Department of Labor. Initial Appeal File (IAF), Tab 1 at 8. The appellant is also a veteran who received an honorable discharge from two periods of military service and has a service-connected disability, which is rated at 20 percent. IAF, Tab 7 at 25. The appellant applied for the position of Claims Representative, GS-0993-10, at the Railroad Retirement Board (RRB); however, on February 14, 2019, the RRB notified the appellant that he was ineligible for the position because he did not meet the minimum education or experience requirement. IAF, Tab 7 at 14, Tab 9 at 16. On the same date, the appellant requested reconsideration of this decision, which the RRB denied on February 21, 2019. IAF, Tab 7 at 15-17, Tab 9 at 17-19. In her February 21, 2019 response, the RRB's representative stated that the appellant failed to show

that he had 1 year of specialized experience equivalent to the GS-09 grade level in the Federal service, including that he had working knowledge of the laws, regulations, and procedures governing RRB programs, and that the position did not have an education substitution, so the agency could not credit his education towards the qualification requirements. IAF, Tab 7 at 15, Tab 9 at 19.

On February 20, 2019, the appellant timely filed a complaint with the Veterans' Employment and Training Service in the Department of Labor (DOL) in which he alleged that, in determining that he did not meet the minimum education or experience requirement for the position, the RRB had failed to credit all of his education and work experience. IAF, Tab 1 at 10-13. On February 25, 2019, DOL informed the appellant that it was closing its case and notified him of his right to appeal to the Board. IAF, Tab 7 at 26-28. On February 27, 2019, the appellant timely filed a Board appeal; he did not request a hearing. IAF, Tab 1. He argued that the vacancy announcement was impermissibly restrictive as to qualifying experience and that the RRB failed to credit all of his relevant education and work experience, including 13 years of experience as a law clerk. IAF, Tab 1 at 6, Tab 7 at 8-12.

Based on the written record, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 12, Initial Decision (ID). The administrative judge found that the appellant had established the Board's jurisdiction over his VEOA claim. ID at 4-5. She then determined that the appellant had not shown that his nonselection violated his rights under a statute or regulation relating to veterans' preference. ID at 5-8. The administrative judge found that the RRB used the merit promotion process in its selection of a Claims Representative, and that in using merit promotion procedures, the agency was not required to consider non-Federal civil service experience when determining whether the appellant, a current Federal employee, met the time-in-grade requirements for the position. ID at 6-8. She also found that the appellant lacked the requisite time in grade at the General Schedule (GS)

9 level to be eligible for the GS-10 Claims Representative position. ID at 7. Accordingly, she found that the appellant did not prove that the agency violated his rights under VEOA and denied his request for corrective action. ID at 7-8.

The appellant has timely filed a petition for review of the initial decision.[2] Petition for Review (PFR) File Tab 1. The agency has filed an opposition to the petition for review. PFR File, Tab 3. As set forth below, we find the appellant's arguments to be without merit.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the appellant failed to meet the time-in-grade requirements for the Claims Representative position.

Generally, in order to establish Board jurisdiction over a veterans' preference VEOA claim, the appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A); *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016).[3]

---

[2] The appellant's request to join the instant appeal with a second appeal that is before the Board on petition for review is denied, as joinder would not expedite the processing of the cases. PFR File, Tab 1 at 2-3; *Gause v. Department of Veterans Affairs*, MSPB Docket No. DC-3330-19-0333-I-1, Petition for Review File, Tab 1; *see* 5 C.F.R. § 1201.36(b) (providing that joinder is appropriate if it would expedite processing of the cases and not adversely affect the interests of the parties).

[3] An appellant may also establish Board jurisdiction over a "right to compete" VEOA claim; in order to establish jurisdiction over such a claim, the appellant must: (1) show that he exhausted his remedy with the DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (ii) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). 5 U.S.C. § 3330a(a)(1)(B); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). Although the appellant's claim may constitute a right to compete claim, he specifically alleged that the agency violated 5 U.S.C. § 3311(2) and

To prevail on the merits of his VEOA claim, the appellant must prove the jurisdictional elements by preponderant evidence. *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008). There is no dispute that the appellant exhausted his administrative remedy with DOL, that he is a preference eligible within the meaning of VEOA, that the action at issue took place in February 2019, and that the appellant alleged that the agency violated a statute and regulation pertaining to veterans' preference. IAF, Tab 7 at 5-12, 14, 25-28. Accordingly, the administrative judge properly concluded that the Board has jurisdiction over this appeal. ID at 4-5.

The administrative judge also correctly concluded that the appellant failed to meet the time-in-grade requirement for the Claims Representative position. ID at 5-8. Federal agencies generally use two types of selection to fill vacancies: (1) the open "competitive examination" process and (2) the "merit promotion" process. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381 (Fed. Cir. 2007). The merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service. *Id.* at 1382; 5 C.F.R. § 335.103. Although veterans' point preferences do not apply in the merit promotion process, Congress has provided that veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." *Joseph*, 505 F.3d at 1382; 5 U.S.C. § 3304(f)(1). It is undisputed that the vacancy at issue here was advertised under merit promotion procedures. IAF, Tab 9 at 9-14; ID at 6.

The administrative judge found that the agency provided the appellant with the opportunity to compete for the vacancy, but that he did not meet the

---

5 C.F.R. § 302.302(d) by failing to credit his experience in evaluating his application, thus we find no error in the administrative judge's determination that the appellant established jurisdiction over a veterans' preference VEOA claim. IAF, Tab 1 at 12, Tab 7 at 5-12; ID at 4-5.

time-in-grade requirement for the vacancy because he did not possess the 52 weeks of experience at the GS-09 level required to qualify for the GS-10 position. IAF, Tab 9 at 11; ID at 7. On review, the appellant does not dispute that he did not meet the time-in-grade requirement based on his Federal service alone. Rather, he renews his argument that, as a preference eligible, he was entitled to credit for his non-Federal service in meeting the time-in-grade requirement. PFR File, Tab 1 at 12-21. The administrative judge correctly found that, pursuant to our reviewing court's decision in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1339 (Fed. Cir. 2015), 5 U.S.C. §§ 3304(f) and 3311 do not require a Federal agency to consider non-Federal civil service experience when determining whether a veteran employed in the Federal civil service meets a time-in-grade requirement for purposes of a merit promotion. ID at 7. The appellant argues that *Kerner* is not applicable here because it addressed a merit promotion from within the same agency, whereas he applied from outside the agency, and that the Board's decision in *Styslinger v. Department of the Army*, 105 M.S.P.R. 223 (2007), supports his contention that veterans who are current Federal employees and are applying from outside an agency should be entitled to have their non-Federal experience considered in meeting the time-in-grade requirement. PFR File, Tab 1 at 12-19.

The appellant's reliance on *Styslinger* is misplaced, as it only holds that an agency cannot deny a veteran who is a current Federal employee the right to compete for a position outside of his agency when it accepts applications from outside its own workforce. *Styslinger*, 105 M.S.P.R. 223, ¶ 32. The Board in *Styslinger* explicitly stated that, "while the VEOA guarantees preference eligibles and certain non-preference eligible veterans the right to compete for particular positions, it does not exempt them from the eligibility criteria, such as time-in-grade restrictions, that are applicable to all candidates." *Id.*, ¶ 33. Moreover, we are bound by our reviewing court's decision in *Kerner*, which does not distinguish between intra- and inter-agency transfers in holding that an

agency is not required to credit non-Federal service towards time-in-grade requirements in merit promotions. Nor do we think there is any question as to whether there is a distinction under VEOA. *Kerner* observes that VEOA is intended to assist veterans in gaining access to Federal civil service employment, not to give veterans preference in merit promotions. *Kerner*, 778 F.3d at 1338. Despite the appellant's status as a veteran external to the agency, he is nevertheless a current Federal employee and is not exempt from eligibility requirements applicable to similarly situated candidates for merit promotion. Accordingly, the administrative judge correctly concluded that the appellant was not entitled to have his non-Federal service credited towards meeting the time-in-grade requirement, and that because the appellant did not meet the requirement based on his Federal service alone, he did not qualify for the position.[4]

The initial decision is modified to find that the agency did not violate the appellant's rights under a statute or regulation relating to veterans' preference when it found that the appellant did not meet the specialized experience requirement for the position.

The agency did not, however, cite the appellant's failure to meet the time-in-grade requirement as the reason it disqualified the appellant from further competing for the Claims Representative position. Rather, the agency asserted that the appellant did not meet the requirement of 1 year of specialized experience equivalent to the GS-09 grade level in the Federal service, including working

---

[4] Because we find that *Kerner* decisively controls the outcome of this case, we find no basis on which to grant the appellant's request to certify this issue to the U.S. Court of Appeals for the Federal Circuit. PFR File, Tab 1 at 19-21. Moreover, there is no mechanism in this case for the Board to certify an order for interlocutory review to the Federal Circuit. *See* 28 U.S.C. § 1295(a)(9) (conferring jurisdiction to the Federal Circuit over "an appeal from a final order or final decision of the Merit Systems Protection Board"); *Berry v. Conyers*, 435 F. App'x 943, *1-*2 (Fed. Cir. 2011) (nonprecedential) (providing that the court generally lacks jurisdiction to review Board orders that are not final, but granting the Office of Personnel Management's petition for review of the Board's remand order only where the order resolved the issue on review conclusively and resolved a question separate from the merits, and delay in review of the issue would imperil a substantial public interest).

knowledge of the laws, regulations, and procedures governing RRB programs, and that because there is no education substitution for the position, it could not credit the appellant's education towards the requirement. IAF, Tab 9 at 19. The administrative judge did not address the agency's stated reason for disqualifying the appellant from further consideration; however, even if we were to consider the agency's reason, the appellant has not proven that the agency violated a right under a statute or regulation relating to veterans' preference. On review, the appellant asserts that the specialized experience requirement that an applicant possess working knowledge of the laws, regulations, and procedures governing RRB programs is too restrictive and would "eviscerate" veterans' preference laws because it eliminates equivalent experience as qualifying. PFR File, Tab 1 at 9-10. Absent evidence of bad faith or patent unfairness, the Board generally will not disturb the agency's determination that such knowledge is a selective or highly qualifying factor needed for the position. *Cf. Anderson v. U.S. Postal Service*, 76 M.S.P.R. 16, 19-20 (1997) ("[A]bsent evidence of bad faith or patent unfairness, the Board defers to the agency's determination as to the requirements that must be fulfilled in order for an individual to qualify for appointment to a particular position."). The appellant has not provided any evidence that requiring an applicant to have a working knowledge of the laws, regulations, and procedures governing the agency's programs is designed to circumvent or otherwise violates a statute or regulation related to veterans' preference.

Finally, the appellant acknowledges that he does not have experience regarding RRB employee benefits, but that the agency failed to assess whether his 13 years as a law clerk, which included employee benefits experience, would qualify him for the position. PFR File, Tab 1 at 10-11. The Board's jurisdiction extends to determining whether the agency actually evaluated a veteran's "experience material to the position," as required by 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), but does not extend to reevaluating the weight the agency accorded to the veteran's experience. *Miller v. Federal Deposit Insurance*

*Corporation*, 818 F.3d 1361, 1367 (Fed. Cir. 2016). The agency representative's response to the appellant reflected that she considered his experience but did not find it qualifying. IAF, Tab 9 at 19. The appellant has not submitted his application or any other evidence to demonstrate that the agency failed to consider qualifying experience. Accordingly, the appellant has not shown that the agency violated his rights under a statute or regulation relating to veterans' preference in finding that he did not have the requisite specialized experience to further compete for the position.

<u>The appellant's arguments regarding the lack of discovery and notice are without merit.</u>

On review, the appellant also argues that the administrative judge erred when she "issued a final decision on [the instant case] after discovery had been sent . . . and did not allow proper discovery." PFR File, Tab 1 at 21-22. An administrative judge has broad discretion in ruling on discovery matters and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). The record reflects that the appellant requested that the administrative judge extend the time to serve discovery requests by 1 day, which the administrative judge granted and ordered the parties to serve any discovery requests to the other party by April 5, 2019. IAF, Tab 10, Tab 11 at 1. The administrative judge also provided that, because the appellant had not requested a hearing, the record was to close on May 10, 2019. IAF, Tab 11 at 1-2. Accordingly, responses to any discovery requests served on April 5, 2019, were due on April 25, 2019, 15 days before the close of the record. IAF, Tab 2 at 4. Below, the appellant did not object to the deadlines set by the administrative judge, and on review, he has not identified how additional discovery would have affected the outcome of this case. We find that the administrative judge did not abuse her discretion in setting discovery deadlines.

The appellant also claims that the administrative judge failed to sufficiently notify him of what evidence was required to prove his claim. PFR File, Tab 1 at 21-22. The administrative judge issued orders notifying the appellant of his burden and the elements to prove a claim that the agency violated one of the veterans' preference rights afforded him by statute or regulation. IAF, Tabs 3, 8. Additionally, in its pleadings, the agency identified specific arguments to which the appellant had the opportunity to respond. IAF, Tab 9. We find that the appellant received sufficient notice of what was required to prove his claim. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (providing that an appellant must receive explicit information on what is required to establish an appealable issue). Accordingly, we affirm the administrative judge's denial of the appellant's request for corrective action, as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.